

**Krovatin Klingeman** LLC
ATTORNEYS AT LAW

60 PARK PLACE, SUITE 1100, NEWARK, NJ 07102   973-424-9777   WWW.KROVATIN.COM

GERALD KROVATIN
HENRY E. KLINGEMAN**
HELEN A. NAU*
ERNESTO CERIMELE*

ALSO ADMITTED IN HI AND PA**
ALSO ADMITTED IN NY*

August 18, 2014

Honorable Cathy L. Waldor
United States Magistrate Judge
United States District Court
Martin Luther King, Jr. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: <u>United States v. Maxwell Poku</u>
      Mag. No. 12-7234 (CLW)

Dear Judge Waldor:

  We represent Defendant Maxwell Poku in the above matter. On June 23, 2014, Your Honor signed an Order, permitting Mr. Poku to travel to Ghana for his father's funeral. *See attached Order.* Mr. Poku posted a bond in the amount of $25,000, as well as deed for property located at 215 Maple Avenue, New Jersey, as security until he returned from Ghana.

  Please be advised that Mr. Poku has returned and respectfully requests that Your Honor sign the enclosed Order, permitting the release of the bond and deed.

  Thank you for thoughtful consideration.

            Respectfully submitted,

            /s/ Ernesto Cerimele

            ERNESTO CERIMELE

Enclosure

cc: Pretrial Services Officer Daniel Milne
   AUSA Justin Danilewitz

# UNITED STATES DISTRICT COURT
## for the   District of   New Jersey

| United States of America | |
|---|---|
| v. | **AMENDED ORDER SETTING CONDITIONS OF RELEASE** |
| Maxwell Poku | |
| Defendant | Case Number: 12-7234 |

IT IS ORDERED on this __23rd__ day of __June__, 2014 that the release of the defendant is subject to the following conditions:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address and/or telephone number.
(4) The defendant must appear in court as required and must surrender to serve any sentence imposed.

### Release on Bond

Bail be fixed at $ __125,000.00__ and the defendant shall be released upon:

( ) Executing an unsecured appearance bond ( ) with co-signor(s) _____ ;
(✓) Executing a secured appearance bond (✓) with co-signor(s) _(Cash + property)(Yaw O. Amankwah)_ and ( ) depositing in cash in the registry of the Court _25 K._ $ of the bail fixed; and/or ( ) execute an agreement to forfeit designated property located at _215 Maple Ave., Union NJ 07083_. Local Criminal Rule 46.1(d)(✗) waived/not waived by the Court.
( ) Executing an appearance bond with approved sureties, or the deposit of cash in the full amount of the bail in lieu thereof;

### Additional Conditions of Release

Upon finding that release by the above methods will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, it is further ordered that the release of the defendant is subject to the condition(s) listed below:

IT IS FURTHER ORDERED that, in addition to the above, the following conditions are imposed:
(✓) Report to Pretrial Services ("PTS") as directed and advise them immediately of any contact with law enforcement personnel, including but not limited to, any arrest, questioning or traffic stop.
( ) The defendant shall not attempt to influence, intimidate, or injure any juror or judicial officer; not tamper with any witness, victim, or informant; not retaliate against any witness, victim or informant in this case.
( ) The defendant shall be released into the third party custody of _____

*who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.*

Custodian Signature: _____   Date: _____

(✓) The defendant's travel is restricted to ( ) New Jersey (✓) Other __Ghana__
  (✓) unless approved by Pretrial Services (PTS).
(✓) Surrender all passports and travel documents to PTS. Do not apply for new travel documents. — wife and children also.
( ) Substance abuse testing and/or treatment as directed by PTS. Refrain from obstructing or tampering with substance abuse testing procedures/equipment.
(✓) Refrain from possessing a firearm, destructive device, or other dangerous weapons. All firearms in any home in which the defendant resides shall be removed by _____ and verification provided to PTS.
( ) Mental health testing/treatment as directed by PTS.
( ) Abstain from the use of alcohol.
(✓) Maintain current residence or a residence approved by PTS.
( ) Maintain or actively seek employment and/or commence an education program.
( ) No contact with minors unless in the presence of a parent or guardian who is aware of the present offense.
( ) Have no contact with the following individuals: _____
( ) Defendant is to participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
  ( ) (i) Curfew. You are restricted to your residence every day ( ) from ____ to ____, or ( ) as directed by the pretrial services office or supervising officer; or
  ( ) (ii) Home Detention. You are restricted to your residence at all times except for the following: education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer. Additionally, employment ( ) is permitted ( ) is not permitted.
  ( ) (iii) Home Incarceration. You are restricted to your residence under 24 hour lock-down except for medical necessities and court appearances, or other activities specifically approved by the court.
( ) Defendant is subject to the following computer/internet restrictions which may include manual inspection and/or the installation of computer monitoring software, as deemed appropriate by Pretrial Services. The defendant shall pay all or part of the cost of the monitoring software based upon their ability to pay, as determined by the pretrial services office or supervising officer.
  ( ) (i) No Computers - defendant is prohibited from possession and/or use of computers or connected devices.
  ( ) (ii) Computer - No Internet Access: defendant is permitted use of computers or connected devices, but is not permitted access to the Internet (World Wide Web, FTP Sites, IRC Servers, Instant Messaging, etc);
  ( ) (iii) Computer With Internet Access: defendant is permitted use of computers or connected devices, and is permitted access to the Internet (World Wide Web, FTP Sites, IRC Servers, Instant Messaging, etc.) for legitimate and necessary purposes pre-approved by Pretrial Services at [ ] home [ ] for employment purposes.
  ( ) (iv) Consent of Other Residents - by consent of other residents in the home, any computers in the home utilized by other residents shall be approved by Pretrial Services, password protected by a third party custodian approved by Pretrial Services, and subject to inspection for compliance by Pretrial Services.

(✓) Other: __USDC will no longer hold 32 Elizabeth Ave., Newark 07101__
(✓) Other: __Defendant is not allowed to file tax returns__
(✓) Other: __1603 N. Sunset Pl. Union NJ will remain held by USDC.__

※ — See attached order for additional conditions.

**ADVICE OF PENALTIES AND SANCTIONS**

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**Acknowledgment of the Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

UNION, NJ
_____
*City and State*

**Directions to the United States Marshal**

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 6/23/14

_____
*Judicial Officer's Signature*

Cathy L. Waldor, U.S.M.J.
*Printed name and title*

**KROVATIN KLINGEMAN LLC**
Henry E. Klingeman, Esq.
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Honorable Cathy L. Waldor, U.S.M.J. |
| vs. | Mag. No. 12-7234 (CLW) |
| MAXWELL POKU, | **ORDER PERMITTING TRAVEL** |
| Defendant. | |

**THIS MATTER** having been opened to the Court by Defendant Maxwell Poku (Henry E. Klingeman, Esq., appearing) for an Order Modifying Conditions of Release; on notice to the United States of America (AUSA Justin Danilewitz, appearing); the Court having considered the recommendation of the United States Pretrial Services Agency (by Pretrial Services Officer Daniel Milne; and for good cause shown,

**WHEREFORE, IT IS** on this 23rd day of June, 2014,

**ORDERED** that the Defendant shall be permitted to travel to [*address redacted*], Ghana, Africa from June 27, 2014 to August 3, 2014; and it is further

**ORDERED** that Pretrial Services may temporarily return the Defendant's United States Passport and the Defendant's Ghana Passport to permit this travel; and it is further

**ORDERED** that the Defendant shall return his United States Passport and his Ghana Passport to Pretrial Services within forty-eight (48) hours of returning to the United States; and it is further

1

**ORDERED** that the Defendant shall execute of a Waiver of Extradition from Ghana no later than June 24, 2014; and it is further

**ORDERED** that the Defendant shall post a bond in the amount of $25,000 with the Clerk of the Court no later than June 24, 2014, to be held as security until the Defendant's return from Ghana; and it is further

**ORDERED** that the Defendant shall post the deed for property located at 215 Maple Avenue, Union, New Jersey, with the Clerk of the Court no later than June 24, 2014, to be held as security until the Defendant's return from Ghana; and it is further

**ORDERED** that the Defendant shall contact U.S. Pretrial Services twice weekly during the period of travel, at a scheduled to be directed by Pretrial Services; and it is further

**ORDERED** that within fourteen (14) days of the Defendant's return from Ghana, counsel for the Defendant shall submit an Order to the Court for the return of the $25,000 bond; and it is further

**ORDERED** that, upon receipt of the Order, the Clerk of the Court shall return to the Defendant the $25,000 bond; and it is further

**ORDERED** that the Defendant shall forfeit to the United States of America the $25,000 bond if Defendant should fail to return from Ghana within seven (7) days of his scheduled return on August 3, 2014; and it is further

**ORDERED** that all other terms and conditions of pretrial release previously imposed remain in full force and effect, except as modified by this Order.

_____
HONORABLE CATHY L. WALDOR
United States Magistrate Judge

2

**KROVATIN KLINGEMAN LLC**
Henry E. Klingeman, Esq.
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Honorable Cathy L. Waldor, U.S.M.J. |
| vs. | Mag. No. 12-7234 (CLW) |
| MAXWELL POKU, | **ORDER FOR RETURN OF DEPOSIT OF BAIL** |
| Defendant. | |

It appearing to the Court that the above-named defendant posted a bond in the amount of Twenty-Five Thousand Dollars ($25,000.00) and a deed for property located at 215 Maple Avenue, Union, New Jersey as security until the defendant returned from Ghana;

And it further appearing that the defendant has returned from Ghana and purposes of said security have been fulfilled;

IT IS ON THIS _____ day of August, 2014,

ORDERED THAT the sum of Twenty-Five Thousand Dollars ($25,000.00) and deed on the 215 Maple Avenue property be returned to defendant Maxwell Poku.

_____
HONORABLE CATHY L. WALDOR
United States Magistrate Judge